# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDY D. PAGE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. 12-CV-516-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Randy D. Page, seeks judicial review of a decision of the Commissioner of

the Social Security Administration denying Social Security disability benefits.[1]    In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the decision is supported by substantial

evidence and whether the decision contains a sufficient basis to determine that the

Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v.*

*Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1]  Plaintiff Randy D. Page's applications were denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held December 10, 2010.  By decision dated December 28, 2010, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 17, 2012.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## Background

Plaintiff was 34 years old on the alleged date of onset of disability and 42 years old on the date of the denial decision.  He has a high school education and past employment includes fork lift operator and general laborer.  Plaintiff claims to have been unable to work since January 30, 2003 due to back problems, swelling of feet, and migraines. [R. 154].

## The ALJ's Decision

The ALJ determined that the Plaintiff has severe impairments relating to low back strain due to morbid obesity. The ALJ also found that Plaintiff's feet swelling, diabetes, and hyperlipidemia are medically determinable but are not severe impairments under Social Security regulations. [R. 15]. The ALJ found that Plaintiff has the residual functional

capacity (RFC) to perform light exertional work[2] as defined in 20 CFR 404.1567(b) as he

has the ability to lift/carry or push/pull 20 pounds occasionally or 10 pounds frequently. In

an 8 hour work day, the ALJ found Plaintiff can stand and/or walk for a total of 6 hours, sit

for a total of 6 hours, and can occasionally balance, bend, crouch, crawl, kneel, and climb

stairs, ladders, ropes, and scaffolding. [R. 16].

Although Plaintiff was unable to perform his past relevant work, based on the

testimony of the vocational expert, the ALJ determined that there are a significant number

of jobs in the national economy that Plaintiff could perform. [R. 18]. Accordingly, the ALJ

found Plaintiff was not disabled. The case was thus decided at step five of the five-step

evaluative sequence for determining a claimant is disabled. *See Williams v. Bowen,* 844

F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed at step 3 of the sequential evaluation process;

and 2) failed to perform a proper credibility determination.

## Analysis

Plaintiff applied for Title II (DIB) and Title XVI (SSI) benefits on May 20, 2009 with

both having a protected filing date of May 11, 2009. Plaintiff alleged disability starting on

January 30, 2003 due to back problems, swelling of feet, and migraines. In order to qualify

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. Social Security Ruling (SSR) 83-10; see CFR § 404.1567(b).

for DIB, a claimant must demonstrate that he is disabled – unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is under a disability if he is unable to do his previous work and cannot, considering his age, education, and work experience, partake in any gainful employment that exists in the national economy. *Id.* Gainful employment is defined as "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Moreover, the claimant must show he became disabled during a period when he had made sufficiently recent contributions to the program to be eligible for disability insurance (i.e., before what is often called the "date last insured"). *See* 42 U.S.C. 416(I).

Plaintiff alleges that he has been disabled since January 30, 2003. Plaintiff was last insured for disability insurance benefits on September 30, 2007. The relevant analysis is whether Plaintiff was actually disabled prior to the expiration of his insured status. Consequently, to obtain disability insurance benefits, Plaintiff must establish that he became disabled on or before September 30, 2007. The record does not contain any objective medical evidence that indicates Plaintiff was permanently disabled before his insured status expired. Moreover, the record is devoid of any medical evidence pertaining to the years 2003 through 2007. The earliest evidence of medical treatment contained in the record is on October 9, 2008, where Plaintiff complained of and was treated for ear congestion. [R. 215]. At the hearing, the ALJ addressed the lack of medical evidence:

4

ALJ: . . . Mr. Hunt, I would note that the date last insured is September 30, 2007. My earliest records do not go back that far, so I have absolutely no medical proof of any disability prior to his date last insured. I thought I would let you know. Are you planning to produce any evidence for that period or –

Atty: I'm not sure that there's any present, your honor.

* * *

ALJ: Now, it's going to make it real difficult to find any disability without medical records prior to that date. The general issues in this case are whether a period of disability may be established under the Social Security Act and whether you're entitled to either disability insurance benefits or supplemental security income benefits as a disabled individual under the act. Mr. Hunt, I have Exhibits 1A through 10F within the file. I've not received anything new today. Are there any objections to any the (sic) – of the exhibits within the file?

Atty: No objections, your honor.

[R. 28]. The burden to prove disability in a social security case is on the claimant, and to meet this burden, he must furnish medical and other evidence of the existence of the disability. Because the record does not contain any medical evidence from which the ALJ could find the Plaintiff disabled, the ALJ's finding that Plaintiff was not disabled is sound as to the DIB claim.

Plaintiff also applied for Title XVI (SSI) which is calculated from the protectively filed application date (May 11, 2009) to the date of the ALJ's decision (December 28, 2010). This is the only period of time that may be considered for the SSI claim and is the only period of time considered throughout the remainder of this opinion.

## Step Three Analysis

At step three of the sequential evaluation, Plaintiff's impairment is compared to a list of impairments that are considered conclusively disabling. 20 C.F.R. § 404.1520(4)(iii). If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation proceeds to step four. *Id.*

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process because he failed to consider the effects of obesity on Plaintiff's back pain, high blood pressure, respiratory difficulties, and mental impairments. [Dkt. 15, p. 3]. Although the ALJ did not explicitly examine the impact of Plaintiff's obesity on each of his non-severe impairments, the court has reviewed the record and finds remand is not required. The ALJ discussed the evidence and fully explained why he found Plaintiff not disabled at step three. If there was any error committed with respect to the ALJ's step three analysis, based upon the evidence the ALJ discussed, the court finds that any such error is harmless because no reasonable factfinder could come to a contrary conclusion on this record. *See Fischer-Ross v. barnhart,* 431 F.3d 729, 733-735 (20th Cir. 2005)(applying harmless error to step three determination.

## Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence. However, [f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995) (quotation and citation omitted). The ALJ must "explain why the specific evidence

6

relevant to each factor led him to conclude claimant's subjective complaints were not credible." *Id.*

Plaintiff contends that the ALJ failed to perform a proper credibility determination as he did not perform the minimal discussion of the credibility factors required and failed to specifically link the credibility determination to substantial evidence. [Dkt. 15, p. 5]. The court does not agree. The ALJ noted:

> The claimant acknowledged that he can afford to purchase cigarettes, but he said also that he could not afford the Vitamin D and fish oil prescribed for him. His treating physician, Dr. Abu-Libdeh believes that Mr. Page's morbid obesity is the cause of his back pain. This appears to be a viable diagnosis as the claimant's MRI results were normal. Yet, there is no evidence that the claimant has taken the initiative and responsibility to reduce his weight through diet and exercise. Nor is there medical support for the claimant's allegation that he must elevate his legs repeatedly throughout the day.

[R. 17-18]. The ALJ also pointed out the objective medical findings that contradicted Plaintiff's allegations of disability. The record reveals that x-rays of Plaintiff's lumbosacral spine which were taken on May 22, 2009, were normal. [R. 223]. Consultative examiner Dr. Traci Carney, D.O., who examined Plaintiff on July 11, 2009, found no restriction of range of motion in his lumbar spine, no scoliosis, increased kyphosis, or increased lordosis. Plaintiff's straight leg raising was negative bilaterally in the sitting and supine positions. No muscle atrophy or weakness was observed. Plaintiff's knees did not reveal any effusion or edema and were stable in all range of motion exercises. Plaintiff walked with a safe and stable gait at an appropriate speed and he ambulated without assistive devices. [R. 224-30].

The court finds that the ALJ's credibility determination is supported by substantial

evidence and legally sufficient.

Step Five Determination

Plaintiff contends that the ALJ found Plaintiff's morbid obesity and low back pain to be severe impairments at step two of the sequential process, but ignored the effect of obesity at step five. [Dkt. 19, p. 1]. The ALJ thoroughly analyzed the medical evidence and concluded that the evidence supported a finding that Plaintiff could perform the requirements of light work. The ALJ included these restrictions in his hypothetical questions to the vocational expert. See *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir.1996) (hypothetical questions to the vocational expert need only reflect impairments and limitations that are borne out by the evidentiary record). The ALJ's RFC assessment was based on substantial evidence in record, and the hypotheticals posed by the ALJ to the vocational expert were appropriately based on the RFC assessment. Thus, the court finds that the ALJ's disability determination is supported by substantial evidence.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 19th day of September, 2013.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE